Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff DONNA DUGO

Ara Sahelian
**SAHELIAN LAW OFFICES**
23046 Avenue De La Carlota, Suite 600
Laguna Hills, CA 92653
Phone:  (949) 859-9200
Fax: (949) 954-8333
Sahelian@me.com

Attorneys for Defendants,
TUSTIN RANCH TIRE & AUTO;
HENRY KUMAGAI and JUDY
KUMAGAI, Trustee of the Kumagai
Family Trust dated 5/11/2010

UNITED STATES DISTRICT COURT  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA DUGO, an individual,<br><br>            Plaintiff,<br><br>v.<br><br>TUSTIN RANCH TIRE & AUTO, a business of unknown form; HENRY KUMAGAI and JUDY KUMAGAI, Trustee of the Kumagai Family Trust dated 5/11/2010; and DOES 1-10, inclusive,<br><br>            Defendants. | **Case No. 8:17-cv-02102-CJC-JDE**<br><br>**Hon. Cormac J. Carney**<br><br>**JOINT RULE 26(f) REPORT** |

-1-

**JOINT FRCP RULE 26(f) REPORT**

Plaintiff DONNA DUGO ("Plaintiff"), and TUSTIN RANCH TIRE & AUTO, a business of unknown form; HENRY KUMAGAI and JUDY KUMAGAI, Trustee of the Kumagai Family Trust dated 5/11/2010 ("Defendants") respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f).

### A.  STATEMENT OF THE CASE

#### 1.  Plaintiff's Statement of the Case

Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon a wheelchair and other devices for mobility. With such disabilities, Plaintiff qualifies as a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12102(2) and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq. Plaintiff is also the holder of a Disabled Person Parking Placard.

Plaintiff personally visited Defendants' Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendants' facility, even though she would be classified as a "bona fide patron." Specifically, she desired to visit the subject property as a consumer, but experienced difficulty due to Defendants' failure to provide adequate access to the subject business and its interior.

It is alleged that Defendants own and operate the real property located at 2541 El Camino Real, Tustin, CA 92782 (hereinafter "Property") where the subject business (the "Business") is located. It is alleged that Defendants are liable to Plaintiff for the alleged ADA violations.

The Business is a facility open to the public, a place of public accommodation, and a business establishment. Instead of having architectural barrier free facilities for patrons with disabilities, Defendants have: a curb ramp which projects into accessible parking space and access aisle; cracked ground surfaces around the accessible parking space with a deep crevice that creates uneven surface.

Plaintiff alleges that Defendants violated Plaintiff's rights under the ADA and the Unruh Civil Rights Act.  In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visit to the Property on or about November 2, 2017 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

### 2. Defendants' Statement of the Case

Defendants contend that the "violations" noted in the complaint are de minimis; that none of the trivial deviations from the architectural guidelines caused Plaintiff difficulty, discomfort, or humiliation as noted in the complaint.
Plaintiff complains that there were insufficient accessible parking spaces. There were in fact sufficient parking spaces located immediately adjacent to the tire store.
The complaint is vague as to what Plaintiff actually uses for mobility, whether it is a wheelchair or another device. The complaint is generally vague as to how the "violations" affected Plaintiff.

## B. LEGAL ISSUES

### 1. Plaintiff's Asserted Legal Issues

The principal legal issues are: (1) whether the Defendants are responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing

**JOINT FRCP RULE 26(f) REPORT**

to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

**1.     Defendant's Asserted Legal Issues**

Defendants contend Plaintiff has no standing, as she could not have suffered difficulty, discomfort or embarrassment in light of the fact that the so-called "violations" are minor.

**C.     DAMAGES**

Plaintiff foresees statutory damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property, $4,000 for deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016), and for reasonable attorneys' fees and costs of suit pursuant to California Civil Code § 52.  Plaintiff expects the probable range of damages to be between $8,000 and $12,000 plus reasonable attorneys' fees.

Defendants contend Plaintiff has no standing to assert damages as she could not have experienced difficulty or discomfort.

**D.     INSURANCE**

The Parties are unaware of insurance coverage applicable to this action.

**E.     MOTIONS**

The Parties do not anticipate motions other than dispositive motions.

**F.     COMPLEXITY**

This is not a complex case and the Manual for Complex Litigation is not necessary.

## G. STATUS OF DISCOVERY

The Parties have not yet undertaken discovery.

## H. DISCOVERY PLAN

### 1. Plaintiff's Proposed Discovery Plan

Plaintiff proposes that the Parties exchange Initial Disclosures by July 11, 2018.

Plaintiff proposes a fact discovery cut-off date 18 weeks prior to trial in order to allow adequate time to prepare dispositive motions and to allow for Plaintiff to conduct an expert site inspection of the Property.

Plaintiff proposes an expert discovery cut-off date 8 weeks prior to trial.

Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011). Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business and Property, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Business and Property; (4) the feasibility of providing access to persons with disabilities.

Defendants concur and intend to take plaintiff's deposition before final settlement talks can take place.

**J.  DISPOSITIVE MOTIONS**

The Parties anticipate filing motions for summary judgment or, in the alternative, motions for summary adjudication on the issues depending on what is revealed in discovery.

**Plaintiff:**

The issues in this case stem from a question of whether the accessibility barriers on the Property violate the ADA and Unruh Civil Rights Act.  A determination of these issues will depend on inquiries of (1) whether Defendants are responsible under the law to remove/remediate the barriers; (2) whether the Plaintiff has standing to seek either damages and/or injunctive relief; and (3) the nature and extent of damages.

**Defendant:**

Agreed. Defendants intend to file a motion for summary judgment, or partial summary judgment.

**K.  ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE SELECTION**

In the event that this matter is not expeditiously resolved, the Parties select ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4. ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

**L.  SETTLEMENT EFFORTS**

The Parties have communicated informally about settlement and closure. These informal discussions are still in their early stages.


**M. PRELIMINARY TRIAL ESTIMATE**

The trial is expected to take four (4) days.  Plaintiff anticipates 4-5 witnesses, including an expert to testify at trial.

Defendant has requested a jury trial.  Defendant anticipates 3-4 witnesses.

**N. TRIAL COUNSEL**

For Plaintiff: Joseph R. Manning, Jr., Michael J. Manning, and Craig G. Cote.

For Defendant:  Ara Sahelian, SAHELIAN LAW OFFICES.

**O. INDEPENDENT EXPERT OR MASTER**

The Parties do not believe an independent expert or master is necessary.

**P. OTHER ISSUES**

The Parties are unaware of other issues.

///

///

///

///

///

Respectfully submitted,

| Dated: June 22, 2018 | MANNING LAW, APC<br><br>By: /s/ *Joseph R. Manning, Jr.*<br>Joseph R. Manning, Jr.<br>Michael J. Manning<br>Craig G. Cote'<br>*Attorneys for Plaintiff* |
|---|---|
| Dated: June 22, 2018 | SAHELIAN LAW OFFICES<br><br>By: /s/ *Ara Sahelian*<br>Ara Sahelian<br>*Attorney for Defendants* |

### Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: June 22, 2018          **MANNING LAW, APC**

By: /s/ *Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.

-8-

**JOINT FRCP RULE 26(f) REPORT**